**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

Pending before the Court are (1) Defendant's motion for judgment on the pleadings (Doc. 22) and (2) Plaintiffs' motion for leave to file a second amended complaint (Doc. 29). As explained below, the Court will deny Defendant's motion and grant Plaintiffs' motion.[1]

**BACKGROUND**

In October 2018, Plaintiffs sued Defendant in Maricopa County Superior Court. (Doc. 1-3 at 8-14.) Plaintiffs alleged they hired Defendant in December 2017 to convert their minivan into a wheelchair-accessible vehicle but the minivan repeatedly malfunctioned after it was returned to them in February 2018. (*Id.*) Plaintiffs further alleged that Defendant made several subsequent attempts to repair the minivan but was unable to do so. (*Id.*) The complaint asserted a single cause of action under "Arizona's assistive device warranty statute, A.R.S. § 44-1352, which grants consumers who purchase

---

[1] Defendant has requested oral argument, but the Court will deny the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

assistive devices[] a one-year express warranty." (*Id.* at 8.) Plaintiffs alleged they suffered various categories of damages, including "severe physical and emotional distress, including hospitalization, in having to deal with Defendant's defective Conversion and Defendant's attempts to repair the same; (2) lost wages due to Plaintiffs taking time off of work to bring the vehicle to Defendant's repair facility [and] (3) pecuniary losses, including but not limited to those arising from Plaintiffs['] inability to consummate an agreement to sell their previous wheelchair van." (*Id.* at 11-12.)

On November 5, 2018, Defendant removed the action to federal court. (Doc. 1.)

On November 12, 2018, Defendant moved to dismiss under Rule 12(b)(6). (Doc. 8.) Defendant argued that, beginning in May 2018, it made multiple offers to "replace or repurchase" Plaintiffs' vehicle, which Plaintiffs ignored "in a bad-faith attempt to fabricate [an] alleged 'violation' of the Warranty Statute in order to seek treble damages and attorneys' fees for this fabricated 'violation.'" (*Id.* at 1.) In support of this claim, Defendant provided an affidavit from Mike Smith, a Braun sales manager, who asserted (among other things) that (1) Defendant offered to replace Plaintiffs' vehicle on May 7, 2018, (2) Defendant reiterated this offer on several occasions between May 8, 2018, and June 6, 2018, and (3) "[a]t no point during contact with plaintiffs through June 6, 2018, did plaintiffs request that [Defendant] either repurchase or replace the subject vehicle. The first time [Defendant] received such a request from plaintiffs was in correspondence from plaintiffs' counsel dated June 25, 2018." (Doc. 8-1 ¶¶ 4-8.)

On December 3, 2018—before responding to the motion to dismiss—Plaintiffs filed an amended complaint. (Doc. 13.) In it, Plaintiffs specifically allege they made a request for a replacement vehicle on May 1, 2018, which Defendant declined to honor. (*Id.* ¶¶ 33-35, 59.)[2]

On December 28, 2018, Defendant filed an amended answer. (Doc. 21.) Defendant also attached several exhibits to its amended answer, including another affidavit from Mike

---

[2] Based on Plaintiffs' submission of an amended complaint, the Court denied, as moot, Defendant's motion to dismiss the earlier iteration of the complaint. (Doc. 14.)

- 2 -

Smith. (Doc. 21-1 at 22-23.) Notably, this version of the Smith affidavit differs from the previous version. Specifically, whereas the final paragraph of the old Smith affidavit provided that "[a]t no point during contact with plaintiffs through June 6, 2018, did plaintiffs request that Braun *either repurchase or replace* the subject vehicle. The first time Braun received such a request . . . [was] June 25, 2018" (Doc. 8-1 ¶ 8, emphasis added), the final paragraph of the new Smith affidavit provides that "Plaintiffs' counsel's June 25, 2018 *repurchase* demand correspondence was the first request Braun received from plaintiffs to repurchase the subject van and conversion" (Doc. 21-1 at 23 ¶ 7, emphasis added). The new version, in other words, doesn't deny that Plaintiffs made any *replacement* demands before June 25, 2018—it only contends that Plaintiffs' first *repurchase* demand was made on that date.

**DISCUSSION**

I. Motion For Judgment On The Pleadings

    A. **Legal Standard**

"A [motion for] judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998). "Not only must the court accept all material allegations in the complaint as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

    B. **Parties' Arguments**

In its motion for judgment on the pleadings (Doc. 22), Defendant argues that Plaintiffs can't prevail as a matter of law because it previously offered to replace or repurchase their vehicle. In support of this claim, Defendant points to the affidavit from Mike Smith that it attached as an exhibit to its amended answer. (*Id.* at 8.)

In their response (Doc. 28), Plaintiffs argue the motion is "facially improper" because it relies on materials outside the complaint and seeks to resolve disputed facts concerning who made the first replacement/repurchase offer. Plaintiffs also accuse

Defendant of acting with a nefarious purpose when filing the motion—to delay the litigation while their serious health conditions (cancer and multiple sclerosis) get worse.

In its reply (Doc. 30), Defendant argues that, under *Employers Ins. of Wausau v. Price Aircraft Co., LLC*, 283 F. Supp. 2d 1144 (D. Haw. 2003), it is permissible to consider exhibits to the answer when ruling on a Rule 12(c) motion. (*Id.* at 2.) Alternatively, Defendant argues the Court may consider the documents attached to its answer because "plaintiffs failed to contest the authenticity or veracity of these attached documents." (*Id.*) Finally, Defendant argues that the parties are merely arguing about "the legal conclusion to draw from" undisputed facts. (*Id.*)

C. **Analysis**

The motion for judgment on the pleadings will be denied. As an initial matter, the Court concludes that Defendant's reliance on the Smith affidavit is improper. As the Ninth Circuit has explained, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Moreover, although some courts have suggested it may be permissible to consider written instruments that were attached to the answer as exhibits, here Defendant seeks to rely on a self-serving affidavit that it was responsible for injecting into the record.[3] This is improper and would defeat the whole point of Rule 12(c). *See generally Thomas v. Fin. Recovery Servs.*, 2013 WL 387968, *2 (C.D. Cal. 2013) ("[E]ven if the Court may consider some exhibits attached to the answer—such as a written instrument that is central to the case—the Court is aware of no authority that would permit it to consider a declaration attached to the answer, especially when the declaration is

---

[3] The Court has concerns regarding the Smith affidavit because, as noted above, there are subtle differences between the first and second versions of the affidavit. Specifically, the final paragraph of the current version was revised to omit Smith's earlier representation that Plaintiffs didn't make a replacement demand until June 25, 2018. Although it's not clear to the Court whether this was intended to be a substantive change, the broader point is that this underscores why parties aren't allowed to rely on their own affidavits at the Rule 12(c) stage—Plaintiffs should have an opportunity, through the discovery process, to explore the reasons for the change.

contested.").[4]

Alternatively, even if the Court were to consider the Smith affidavit, Defendant still would not be entitled to judgment on the pleadings. Plaintiffs allege they made a formal demand on May 1, 2018 for a replacement vehicle, which Defendant failed to accept. (Doc. 13 ¶¶ 33-35, 59.)[5] Meanwhile, Defendant seeks to dispute this allegation via the Smith affidavit, contending it was Plaintiffs who failed to respond to a replacement-vehicle offer made by Defendant on May 7, 2018. This is a classic dispute of fact that precludes relief under Rule 12(c). *Fajardo,* 179 F.3d at 699. Tellingly, Defendant acknowledged in its motion that this case involves disputed facts. (Doc. 22 at 12, emphasis added ["*In direct contrast to plaintiffs' allegations*, Braun repeatedly attempted, since May 7, 2018, to comply with its statutory replacement and repurchase obligations."].)

II.  Motion To Amend

　　A.  **Legal Standard**

Under Rule 15, the Court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). "'[T]his policy is to be applied with extreme liberality.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). However, leave to amend should be denied if the proposed amendment would prejudice the opposing party, is sought in bad faith, would unduly delay the litigation, or is futile. *Amerisource Bergen Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1397 (9th Cir. 1990).

…

…

---

[4] *Price Aircraft* is not to the contrary. Although the *Price Aircraft* opinion contains a passage stating that courts may "consider documents attached to the complaint or answers" when ruling on a Rule 12(c) motion (*see* 283 F. Supp. 2d at 1146), the actual case didn't involve the consideration of any such documents. Thus, this passage is dicta. Additionally, and as *Thomas* notes, even if it might be permissible to consider particular types of documents that are attached to the answer (such as a copy of a contract), Defendant hasn't identified any case law suggesting it's permissible for a defendant to seek relief under Rule 12(c) based on a self-serving affidavit attached to its own answer.

[5] The same allegations appear in the proposed second amended complaint. (Doc. 29-1 ¶¶ 90-97, 118, 243-44.)

B. **Parties' Arguments**

In their motion for leave to file a second amended complaint ("SAC") (Doc. 29), Plaintiffs argue (1) they wish to flesh out their previously-alleged claims and add their daughter Shaynce Flowers as a plaintiff, because she suffered damages resulting from Defendant's failure to fix or replace the minivan and is therefore likely a necessary party under Rule 19, and (2) Defendants will not be prejudiced by the proposed amendment because the matter is in its infancy.

In its Opposition (Doc. 31), Defendant contends (1) the amendment is futile because it fails to cure deficiencies in the first amended complaint and the claims are still without merit, (2) the amendment would prejudice Defendant because Defendant would have to spend additional time and resources filing another Rule 12 motion, and (3) the motion is made in bad faith because Defendant tried to resolve the matter outside of court, but Plaintiffs refused "in an attempt to manufacture this lawsuit and seek treble damages." (*Id.* at 6-7.)

In their reply (Doc. 32), Plaintiffs argue (1) the amendment is not futile, (2) forcing Defendants to file another Rule 12 motion does not constitute prejudice, and (3) the amendment is sought in good faith because, contrary to Defendant's position, Defendant has refused to negotiate a settlement.

C. **Analysis**

The motion for leave to file a SAC will be granted. First, the Court disagrees with Defendant's futility arguments. "[L]eave to amend should be denied as futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citation omitted). This standard isn't satisfied here. The AADWA provides:

> If the nonconformity is not repaired after a reasonable attempt to make a repair, a consumer . . . may direct the manufacturer to perform one of the following options and the manufacturer shall comply with the option chosen by the consumer: (1) Accept return of the assistive device and replace the assistive device with a comparable new assistive device and refund any

> collateral costs to the consumer and assistive device lessor. (2) Accept return of the assistive device and refund to the consumer and to any holder of a perfected security interest in the assistive device the full purchase price plus any finance charge paid by the consumer at the point of sale and collateral costs minus a reasonable allowance for use.

A.R.S. §§ 44-1352(D). In other words, the statute allows the consumer to choose between two different remedies (replacement or refund) and requires the manufacturer to comply with the consumer's choice. Here, Plaintiffs allege they made a demand for replacement on May 1, 2018, which Defendant failed to honor. (Doc. 29-1 ¶¶ 90-97, 118, 243-44.) Taken as true, these facts support Plaintiffs' claim under the AADWA. The proposed amendment would therefore not be futile.

Defendant's prejudice argument is also unavailing. Cognizable forms of prejudice can include the nullification of completed discovery, the need for additional discovery, and the presentation of a new theory of liability. *Jackson,* 902 F.2d at 1387. Here, although Plaintiff seeks to add a new party, the claims against Defendant remain substantively the same. Additionally, the amendment is sought only five months after the initial complaint was brought in Superior Court, giving Defendant plenty of time to respond effectively. *Cf. DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987) ("Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that HFB would be prejudiced by the timing of the proposed amendment.").

Finally, Defendant's bad-faith argument also lacks merit. A request for amendment should be denied if the plaintiff "merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Ground*, 170 F.3d 877, 881 (9th Cir. 1999). That concern isn't present here.

Accordingly, **IT IS ORDERED** that:

(1) Defendant's motion for judgment on the pleadings (Doc. 22) is **denied**;

(2) Plaintiffs' motion to amend (Doc. 29) is **granted**; and

…

(3) Plaintiffs must, consistent with LRCiv 15.1(a), file and serve the SAC within 14 days of this Order.

Dated this 13th day of March, 2019.

Dominic W. Lanza
United States District Judge