**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

The discovery process in this case has been unusually contentious. The parties have repeatedly sought judicial intervention to resolve discovery-related disputes and the parties' filings are replete with name-calling and accusations. Neither side has covered itself in glory.

Now pending is the parties' latest dispute. Plaintiffs have filed a motion to extend certain deadlines. (Doc. 130.) In a nutshell, Plaintiffs contend that, in light of "Defendant's well documented and outrageous efforts to frustrate discovery," the Court should "(1) grant[] Plaintiffs leave to supplement their disclosures as to information they have already subpoenaed or requested until such time as responsive documents are provided, or any motions/action filed relative to such subpoenas have been resolved and the information provided, given that Plaintiffs make such disclosure within seven days of receipt of said information; (2) grant[] Plaintiffs until April 1, 2020 to file any motions to compel and for other discovery related relief; and (3) vacat[e] all remaining scheduling order dates pending the Court's ruling on Plaintiffs' discovery related motion(s)." (*Id.* at 4-5.)

Defendant opposes this request and cross-moves for other discovery-related relief. (Doc. 139.) Specifically, Defendant asks the Court to "enter an order: (1) extending the deadline for Defendant to serve written discovery up to February 12, 2020; (2) stating that Plaintiffs shall, while reserving all objections, have until March 23, 2020, to answer said discovery; (3) extending the deadline for Plaintiffs' and Braun's final MIDPs to March 23, 2020; (4) extending the deadline for Plaintiffs to disclose information they have already subpoenaed until such time as the subpoenas are responded to or any motions or causes of action filed relative to such subpoenas have been resolved and the information provided, provided Plaintiffs make such disclosure within seven days of receipt of said information; with the agreement that by extending the deadline Braun is not waiving any objections or agreeing that the subpoenas seek relevant or properly discoverable information and documents; and, (5) extending the dispositive motion deadline to May 1, 2020." (*Id.* at 5-6.)

The parties' requests are governed by the "good cause" standard contained in Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See generally Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards control[]."). This standard "primarily considers the diligence of the party seeking the amendment. . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* at 609 (citations omitted).

Here, it is necessary to consider the parties' requests in the proper sequence, because the resolution of requests to extend earlier deadlines may control the resolution of requests to extend later deadlines.

1. The first request is Defendant's request to retroactively extend, to February 12, 2020, the deadline to serve written discovery requests. (Doc. 139 at 5-6.) As

background, on October 23, 2019, the Court granted the parties' joint request to extend certain deadlines. (Doc. 90.) Among other things, this order extended the deadline for "MIDP Supplemental Responses and Fact Discovery" to March 2, 2020. (*Id.* at 1.) Additionally, the original Rule 16 scheduling order specified that "[a]ll interrogatories, requests for production of documents, and requests for admissions shall be served at least 45 days before the fact discovery deadline." (Doc. 54 at 2.) Accordingly, the October 2019 extension order gave the parties until January 17, 2020 (*i.e.,* 45 days before the new March 2, 2020 discovery cutoff) to propound written discovery.

On February 12, 2020—several weeks after this deadline had elapsed—Defendant served an array of discovery requests on Plaintiffs, all of which pertain to the amount of attorneys' fees Plaintiffs have incurred in this case. (Doc. 139 at 2.) In response, Plaintiffs initially agreed to overlook the untimeliness of the response if Defendant agreed to certain other discovery-related extensions. (*Id.* at 2-3.) Plaintiffs expressly characterized this offer as a "quid pro quo." (*Id.* at 3.) Defendant rejected the quid pro quo (*id.* at 3-5), and Plaintiffs now oppose the extension request, arguing that "Defendant has not shown good cause for its failure to timely serve its discovery requests . . . ." (Doc. 140 at 6-8.)

Defendant's extension request will be denied. Although the Court does not agree with Plaintiffs' argument that the fee information is privileged, categorically irrelevant, and outside the scope of legitimate discovery (Doc. 140 at 7), Defendant has not explained why it waited until after the relevant deadlines had expired to start asking for this information—it has long been on notice that Plaintiffs may be seeking to recover attorneys' fees in this case.. As noted, Rule 16(b)'s "good cause" standard turns primarily on the diligence of the party requesting the extension. Defendant has failed to establish good cause to retroactively extend the deadline for serving written discovery.[1]

2. Both parties request an extension of the final deadline for supplementing

---

[1] This ruling moots Defendant's second request, which is for an order giving Plaintiffs until March 23, 2020 to respond to the written discovery requests propounded on February 12, 2020. (Doc. 139 at 6.) Because those written discovery requests were served too late and the service deadline will not be retroactively extended, there is no need for Plaintiffs to respond.

their MIDP disclosures.  As noted, the current deadline is March 2, 2020, which has now expired.  (Doc. 90 at 1.)  Plaintiffs seek a one-sided extension of their supplementation deadline until seven days after they receive compliance with certain subpoenas they have issued.  (Doc. 130 at 5.)  Defendant's position on this request is not fully clear.  Although Defendant agrees that Plaintiffs should have until seven days after receipt of the subpoenaed information to disclose that information, Defendant doesn't appear to agree that Plaintiffs should have until seven days after the receipt of the information to supplement their MIDP disclosures accordingly.  (Doc. 139 at 5-6.)  Instead, Defendant contends the MIDP supplementation deadline should be extended to March 23, 2020.  (*Id.*)  Additionally, Defendant contends this extension should apply bilaterally to both sides.  (*Id.*)  Plaintiffs oppose this request, arguing that "Defendant has offered no good cause why it should be allowed to serve late MIDP disclosures and compelling reasons exist[] to preclude it from doing so."  (Doc. 140 at 8.)

Good cause exists to extend the deadline for both parties to supplement their MIDP disclosures.  The parties' motions reveal that new information recently came to light during certain depositions and that the parties are currently involved in litigation in the Eastern District of Michigan over a related subpoena.  Although Plaintiffs attempt to lay blame at Defendant's feet for causing these disputes, the bottom line is that the disputes have effectively prevented both parties from complying with the current March 2, 2020 supplementation deadline.  Accordingly, the deadline will be extended bilaterally.

As for setting a new deadline, Plaintiffs' proposal to tether the new deadline to the as-yet-unknown date of subpoena compliance is understandable but will raise practical problems.  The Court prefers to set a firm date (which the parties may, of course, seek to further extend if the subpoena dispute remains unresolved by then).  Thus, the Court will set a new deadline of **May 29, 2020** for MIDP Supplemental Responses.

3. Plaintiffs request an extension, until April 1, 2020, to "file any motions to compel and for other discovery related relief."  (Doc. 130 at 4-5.)  Defendant opposes this request, arguing that "Plaintiffs' counsel [has] repeatedly refused to clarify the basis for

any motion to compel or to meet and confer regarding any discovery dispute." (Doc. 139 at 5.) In their reply, Plaintiffs clarify that they wish to file a motion to compel in light of (1) "Defendant's Rule 30(b)(6) witness's . . . inability to testify regarding properly noticed topics," (2) "unidentified evidence discovered for the first time during Mr. Nelson's and Ms. Haschel's depositions which expressly contradicts Defendant's prior representations," and (3) "Defendant's unresolved improper claims of privilege, its obstruction of Plaintiffs' discovery to third parties, and its concealment of evidence." (Doc. 140 at 3-6.)

Plaintiffs' request will be granted, albeit with some reservations. The scheduling order in this case specifies that, "[a]bsent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery." (Doc. 54 at 5.) Thus, the timing of Plaintiffs' extension request—it was filed on the same day the deadline for fact discovery was expiring—would ordinarily preclude relief. Nevertheless, many of the disputes in this case arise from depositions that were delayed at Defendant's request, causing them to occur very close to the fact discovery deadline, and Plaintiffs contend in their reply that they had intended to file an earlier motion to compel but were persuaded to delay that filing by Defendant's assurance (which turned out to be inaccurate) that the depositions would resolve the pending issues. Under these circumstances, good cause exists to extend the motion-to-compel deadline. Plaintiffs' request for an extension until **April 1, 2020** to file a motion to compel will be granted. (Also, because this deadline falls eight weeks before the new deadline for MIDP supplementation, it should not interfere with that deadline.)

4. The parties' final dispute concerns what to do with the dispositive motion deadline, which is currently April 1, 2020. (Doc. 90 at 1.) Plaintiffs seek to vacate this deadline without setting a new one. (Doc. 130 at 5.) Defendant argues it should be extended to May 1, 2020. (Doc. 139 at 6.)

In light of the other extensions being granted in this order, good cause exists to extend the dispositive motion deadline. Defendant's proposed new date of May 1, 2020 is too soon, given that final MIDP supplementation won't be due until May 29, 2020, but

- 5 -

Plaintiffs' request to vacate the deadline without setting a new one is untenable—proper case management requires deadlines. Accordingly, the dispositive motion deadline will be extended to **June 29, 2020**, which is one month after the final supplementation deadline.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiffs' motion to extend Rule 16 deadlines (Doc. 130) is **granted in part and denied in part**.

(2) Defendant's cross-motion to extend deadlines for Braun's second requests for admission and production (Doc. 139) is **denied**.

(3) The new deadline for Plaintiffs to file a motion to compel is **April 1, 2020**.

(4) The new deadline, applicable to both parties, for final MIDP Supplemental Responses is **May 29, 2020**.

(5) The new deadline for dispositive motions is **June 29, 2020**.

Dated this 17th day of March, 2020.

Dominic W. Lanza
United States District Judge