1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiffs' unopposed motion to seal. (Doc. 144.) For the reasons stated below, the motion is denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). Here, Plaintiffs' motion to compel (Doc. 143) regards emails that "describe facts central to the parties' claims and defenses" and that are assertedly "the sole competent, objective evidence regarding Defendant's intentions and actions with regard to Plaintiffs." (Doc. 143 at 5.) Thus, the motion is more than tangentially related to the merits of the case, and the "compelling reasons" standard applies.

To justify sealing, Plaintiffs assert that the documents at issue were designated as confidential and "contain sensitive or proprietary information." (Doc. 144 at 2.) These arguments are unavailing. First, the protective order in this case specifically explains that documents marked as confidential can't be automatically filed under seal—instead, the party wishing to seal them must explain, with particularity, why the applicable sealing standard has been satisfied. (Doc. 87 at 5-6 ["Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show 'compelling reasons' (where the motion is more than tangentially related to the merits of the case) or 'good cause' for filing under seal."]). Second, although it is sometimes permissible to file "sensitive or proprietary information" under seal, here Plaintiffs haven't attempted to explain why the particular items at issue actually qualify as proprietary. Put simply, Plaintiffs have not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added); *see also* LRCiv 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . .")

Thus, the motion is denied without prejudice. To the extent that Plaintiffs wish to try again, they must include—for each document they wish to file under seal—a specific description of the document and compelling reasons for sealing that document, supported

| | |
|---|---|
| 1 | by specific facts. The more specific and compelling the reasons and facts provided are, the |
| 2 | more likely it is that the Court will find that compelling reasons justify sealing the |
| 3 | documents. To facilitate the Court's review, the unredacted version of the documents, |
| 4 | which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to |
| 5 | indicate which portions of the document Plaintiffs seek to redact. |
| 6 | Accordingly, |
| 7 | **IT IS ORDERED** denying without prejudice Plaintiffs' motion to seal (Doc. 144). |
| 8 | Dated this 3rd day of April, 2020. |

Dominic W. Lanza
United States District Judge