**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

On April 1, 2020, Plaintiffs attempted to file a motion to compel. (Doc. 144.) Because the motion referred to various materials that had been marked by the parties as confidential during the discovery process, Plaintiffs requested leave to file those materials under seal. (*Id.*) On April 3, 2020, the Court denied Plaintiffs' motion to seal without prejudice because they had not attempted to explain with specificity why sealing could be justified as to each document at issue. (Doc. 148.) And on April 15, 2020, the Court issued another order clarifying that Plaintiffs needed to take additional action in response to the April 3 order, by either re-filing the motion to compel in unredacted form or by filing a new motion to seal supplying the missing information. (Doc. 151.)

That same day, Defendant filed a motion to permit Plaintiffs to file, under seal, one of the documents that had been attached to the lodged (but never filed) motion to compel—Exhibit 13, which is the Pacifica Health Check Campaign (hereinafter the "Campaign document"). (Doc. 152.) The following day, Defendant filed a notice clarifying that the Campaign document was the only exhibit to the motion to compel that, in its view, needed

to be filed under seal. (Doc. 155.) Soon thereafter, Plaintiffs filed an amended version of the motion to compel, which removes most of the redactions from the originally lodged (but never filed) version and seeks to redact only the Campaign document. (Doc. 157.) Plaintiffs also filed their own motion to seal the Campaign document. (Doc. 158.)

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). As the Court previously ruled, the compelling reasons standard applies to the Motion to Compel. (Doc. 148 at 2.)

The Campaign document contains trade secrets and keeping them confidential is a compelling reason that outweighs the general public right of access. *Kamakana*, 447 F.3d at 1179. Thus, the Court agrees it may be filed under seal.

As noted, both parties have filed motions to seal this document. Plaintiffs' motion (Doc. 158), which seeks to seal the copy of the document that was attached to the amended version of the motion to compel (which has been filed), will be granted. Because Defendant's motion (Doc. 152) seeks to seal the copy of the document that was attached

to original version of Plaintiffs' lodged (but never filed) motion to compel, it will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to seal (Doc. 158) **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's motion to seal (Doc. 152) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file under seal the Campaign document, which has been lodged under seal at Doc. 153.

**IT IS FURTHER ORDERED** that Defendant's response on the merits to the lodged (but never filed) original version of the motion to compel, which Defendant filed at Doc. 154, is considered responsive to the amended motion to compel that Plaintiffs filed at Doc. 157. Plaintiffs shall have seven days from the date of this order to file a reply.

Dated this 17th day of April, 2020.

Dominic W. Lanza
United States District Judge