**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

During the discovery process, Braun declined to produce 17 emails—all communications between agents of Braun and agents of non-party United Access ("UA")—based on the assertion that the emails were covered by the common interest doctrine. (Doc. 166-1.) And in response to Plaintiffs' motion to compel, Braun reiterated its position that all 17 emails were immune from disclosure because they constituted "Braun's communications with UA" that "were made for the limited purpose of facilitating the rendition of legal services relating to UA's response to Plaintiffs' Subpoena for Braun's documents." (Doc. 154 at 15.)

In an order issued on May 11, 2020, the Court granted Plaintiffs' motion to compel as to the 17 emails, holding that "Braun's reliance on the [common interest] doctrine fails for the threshold reason that it has not demonstrated that the UA representatives with whom its lawyers were communicating were themselves lawyers or represented by lawyers at the time of the communication," which "is a prerequisite to the application of the doctrine." (Doc. 165 at 23.)

Braun has now filed a motion for clarification of the May 11, 2020 order. (Doc. 166.) Braun is not, however, actually seeking "clarification"—instead, it seeks to advance an alternative reason why it should be allowed to continue withholding one of the 17 emails. That email was identified on Braun's "common interest privilege log" as an August 15, 2019 email from Braun's outside counsel to five other Braun representatives and one UA employee, Rich Venhaus. (Doc. 166-1 at 3 ["Tab 4"].) Braun seeks permission to continue withholding that email because it was intended to be an attorney-client privileged communication sent only to other Braun employees and agents and the UA employee was "inadvertently copied" onto the recipient line. (Doc. 166 at 2 n.2.) Alternatively, Braun offers to make the email available for *in camera* inspection. (*Id.* at 2.)

The Court will require Plaintiffs to file a response to Braun's motion before deciding how to proceed. On the one hand, Braun has not explained why it offered one factual description of the August 15, 2019 email in its response to the motion to compel (*i.e.,* an email intentionally sent to UA in an attempt to promote the parties' common legal interest) yet now seeks to offer an entirely different and contradictory description of the email in its motion for clarification (*i.e.,* an email accidentally sent to UA due to an "inadvertent" typing error by Braun's counsel). This abrupt change is disturbing. Additionally, the parties and Court already expended significant resources briefing and resolving the motion to compel, and a party ordinarily should not be allowed to advance new arguments, after coming out on the losing end of a motion, through the guise of a motion for clarification. On the other hand, the attorney-client privilege should not be cast aside lightly and the Court would benefit from further briefing on the legal issue of whether, assuming Braun's new description of the August 15, 2019 email is accurate, its inadvertent transmission to a UA representative resulted in a waiver of the privilege. *See* Restatement (Third) of The Law Governing Lawyers § 79(c) ("Unauthorized disclosure by a lawyer not in pursuit of the client's interests does not constitute waiver."); *but see id.* ("Upon discovery of an agent's wrongful disclosure, the client must promptly take reasonable steps to suppress or recover the wrongfully disclosed communication.").

Accordingly, **IT IS ORDERED** that Plaintiffs must file a response to Braun's motion for clarification by **June 1, 2020**. Braun may file a reply by **June 5, 2020**.

Dated this 21st day of May, 2020.

Dominic W. Lanza
United States District Judge