**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

On May 11, 2020, the Court issued a 30-page order that granted in part, and denied in part, Plaintiffs' motion to compel Braun to produce six categories of discovery material and to sanction Braun for discovery misconduct. (Doc. 165.) Among other things, this order (1) recounted the many discovery disputes that have arisen throughout the course of this case (*id.* at 10-18); (2) held that Plaintiffs' motion to compel "could be denied outright" because Plaintiffs failed to submit a meet-and-confer certification, as required by Rule 37(a)(1) and LRCiv 7.2(j) (*id.* at 18-20); (3) stated that the Court would, in its discretion, overlook Plaintiffs' non-compliance as to two of the categories at issue—certain emails withheld by Braun based on the "common interest doctrine" and other documents withheld by Braun based on the attorney-client privilege—because it was clear, based on earlier hearings, that the parties had exhausted their meet-and-confer efforts regarding those documents (*id.* at 20-21); (4) granted Plaintiffs' motion to compel as to the first category, because Braun had not established the applicability of the common interest doctrine (*id.* at 21-24); (5) denied Plaintiffs' motion to compel as to the second category (*id.* at 24-26);

and (6) authorized Plaintiffs, as a sanction for Braun's shifting disclosures concerning a key issue (the vehicle replacement offer), to depose an additional witness at Braun's expense (*id.* at 26-30).

Both sides have now filed what are effectively motions for partial reconsideration of the May 11, 2020 order. (Docs. 166, 168.)[1] For the following reasons, both motions will be denied.

I. Braun's Motion for Clarification (Doc. 166)

As noted, one of the categories of discovery material addressed in the May 11, 2020 order was a set of 17 emails—all communications between agents of Braun and agents of non-party United Access ("UA")—that Braun had refused to produce pursuant to the common interest doctrine. All 17 emails were identified by Braun on a document entitled "Common Interest Privilege Log." (Doc. 166-1.) In response to Plaintiffs' motion to compel, Braun broadly asserted that all of the emails identified on this log were immune from disclosure because they constituted "Braun's communications with UA" that "were made for the limited purpose of facilitating the rendition of legal services relating to UA's response to Plaintiffs' Subpoena for Braun's documents." (Doc. 154 at 15.) In the May 11, 2020 order, the Court concluded that Braun's invocation of the common interest doctrine "fails for the threshold reason that it has not demonstrated that the UA representatives with whom its lawyers were communicating were themselves lawyers or represented by lawyers at the time of the communication," which "is a prerequisite to the application of the doctrine." (Doc. 165 at 23.)

On May 20, 2020, Braun filed a "motion for clarification." (Doc. 166.) Specifically, Braun seeks to advance an alternative reason why it should be allowed to continue withholding one of the 17 emails. That email was identified on the "Common Interest Privilege Log" as an August 15, 2019 email from Braun's outside counsel to five other Braun representatives (in-house counsel and outside counsel) and one UA employee, Rich

---

[1] Plaintiffs have also filed a motion to reopen discovery for the purpose of pursuing two additional depositions. (Doc. 171.) That motion is not yet fully briefed, so it would be premature to address it now.

1 Venhaus. (Doc. 166-1 at 3 ["Tab 4"].) Braun argues it should be allowed to continue
2 withholding that email because, although an employee of UA was "inadvertently copied"
3 onto the recipient line, the email was intended to be sent only to other Braun employees
4 and agents and is therefore protected by the attorney-client privilege and the work-product
5 doctrine. (Doc. 166 at 2 n.2 ["Braun's counsel . . . inadvertently copied a United Access
6 employee on this email, but the contents of [the] communication expressly state that he
7 intended to exclude United Access for the purpose of maintaining the attorney client
8 privilege."].)

9 On May 21, 2020, the Court issued an order calling for additional briefing. (Doc.
10 167.) Among other things, this order questioned whether Braun's claim of inadvertent
11 disclosure was consistent with the position that Braun had taken when attempting to defend
12 the applicability of the common interest doctrine. (*Id.* at 2 ["Braun has not explained why
13 it offered one factual description of the August 15, 2019 email in its response to the motion
14 to compel (*i.e.,* an email intentionally sent to UA in an attempt to promote the parties'
15 common legal interest) yet now seeks to offer an entirely different and contradictory
16 description of the email in its motion for clarification (*i.e.,* an email accidentally sent to
17 UA due to an 'inadvertent' typing error by Braun's counsel). This abrupt change is
18 disturbing."].)

19 On May 27, 2020, Plaintiffs filed a response to Braun's motion. (Doc. 169.)
20 Plaintiffs contend that (1) Braun waived any claim of privilege by disclosing the email to
21 a third party (from UA) and then failing to undertake any effort to claw back the inadvertent
22 disclosure; (2) by rejecting Braun's arguments concerning the applicability of the common
23 interest doctrine, the Court necessarily also found that the email wasn't privileged; and (3)
24 because Braun's "new argument was available to it at the time it briefed its response to
25 Plaintiffs' motion," Braun "cannot assert it now through its mislabeled motion for
26 reconsideration." (*Id.*)

27 On June 5, 2020, Braun filed a reply. (Doc. 173.) Braun begins by arguing that it
28 has not waived or forfeited its privilege claim because (1) it specifically denoted, in its

- 3 -

"Common Interest Privilege Log," that it believed the August 15, 2019 was covered by the attorney-client privilege, and (2) although it didn't brief the applicability of the privilege in its response to the motion to compel, there was no reason to do so—Plaintiffs' motion only challenged the applicability of the common interest doctrine. (*Id.* at 1-3.) Braun also attempts to address the concern set forth in the Court's May 21, 2020 order, arguing that it has not taken inconsistent positions because it "did not specifically address Item No. 4 in its Response" to the motion to compel and thus "did not specifically describe Item No. 4 as 'intentionally sent to UA . . . to promote the parties' common legal interests.'" (*Id.* at 2-3.) Next, under the heading "Inadvertent disclosure does not automatically waive privilege," Braun argues it did not "purposely intend[] to waive the privilege" because "it never intended to send the email to a third party beyond the reach of the privilege relationship. Braun did not claw back the email, as Braun reasonably believed the email was privileged pursuant to the attorney–client privilege and common-interest doctrine." (*Id.* at 3-4.) Finally, Braun argues that the May 11, 2020 ruling concerning the inapplicability of the common interest doctrine has no bearing on the distinct issue of whether the August 15, 2019 email is privileged. (*Id.* at 4-5.)

Braun's motion will be denied for two independent reasons. First, although Braun attempts to characterize its motion as a request for clarification, it is no such thing. Instead, Braun is attempting to obtain reconsideration of the May 11, 2020 order, which required it to produce the August 15, 2019 email to Plaintiffs, by advancing a new legal theory as to why it should be allowed to withhold that email. This is improper. Reconsideration is an "extraordinary remedy" that "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted) (quotation omitted). Thus, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* See also LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of

- 4 -

an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Here, Braun had a reasonable opportunity to raise its attorney-client privilege and work-product arguments during the motion-to-compel briefing process—it could have raised those arguments as an alternative reason why Plaintiffs' motion to compel should be denied. Its failure to do so means it cannot attempt to belatedly raise those arguments through the guise of a "motion for clarification."

Second, the Court continues to be troubled by Braun's lack of consistency. In its response to the motion to compel, Braun argued that all 17 emails identified on its "Common Interest Privilege Log" were covered by the common interest doctrine. (Doc. 154 at 14-16.) In support of this claim, Braun argued that the common interest doctrine applies when already-privileged communications "are exchanged with another party to 'facilitate the rendition of legal services' to each party" (*id.* at 15) and suggested that the 17 emails qualified under that test because they "were made for the limited purpose of facilitating the rendition of legal services relating to UA's response to Plaintiffs' Subpoena for Braun's documents" and represented "the entities' attempts to develop a joint legal strategy" (*id.* at 15-16). The only reasonable interpretation of those statements is as a representation by Braun that all 17 emails were intentionally sent to UA in an attempt to develop a joint legal strategy. This is inconsistent with the argument raised in Braun's motion for clarification—that "Braun's counsel . . . inadvertently copied a United Access employee on [the August 15, 2019] email." (Doc. 166 at 2 n.2.)

Braun contends it isn't taking inconsistent positions because it didn't "specifically address" the August 15, 2019 email in its response to the motion to compel—and, thus, didn't make any specific representations as to whether that particular email had been intentionally sent to UA. (Doc. 173 at 2-3.) But Braun stated in its response to the motion to compel that *all* of the withheld emails were covered by the common interest doctrine because they had been intentionally sent to UA. This assertion necessarily encompassed the August 15, 2019 email and is thus inconsistent with Braun's new claim of an

inadvertent disclosure.

Finally, the factual assertions in Braun's reply raise even more concerns about inconsistency. Braun states in its reply that it "never intended to send the email to a third party beyond the reach of the privilege relationship" and thus "did not claw back the email . . . [because it] reasonably believed the email was privileged pursuant to the attorney–client privilege and common-interest doctrine." (Doc. 173 at 3-4.) This doesn't sound like a claim of inadvertent disclosure (which is what Braun claimed in its motion, *see* Doc. 166 at 2 n.2)—it sounds like a claim of intentional disclosure to UA based on a misunderstanding of the legal consequences of that disclosure.

For all of these reasons, the motion for clarification will be denied.

II.     Plaintiffs' Motion for Reconsideration (Doc. 168)

As noted, Plaintiffs failed to submit a meet-and-confer certification in support of their motion to compel. Under Rule 37(a)(1) and LRCiv 7.2(j), the Court could have denied the motion to compel in its entirety based on this omission, but the Court chose in its discretion to overlook the omission as to two of the six categories of documents. (Doc. 165 at 18-21.)

On May 26, 2020, Plaintiffs filed a motion for reconsideration. (Doc. 168.) Plaintiffs argue that, because the Court has already chosen to "graciously overlook[] Plaintiffs' misstep regarding their certificate of conference," and because the record contains evidence that they adequately met-and-conferred with Braun concerning three additional categories (Braun's work-product invocation, the Pacifica documents, and Braun's failure to produce a knowledgeable 30(b)(6) witness), the Court should reach the merits of those categories, too. (*Id.* at 2-3.)

Plaintiffs' motion for reconsideration will be denied. First, the Court only chose to overlook Plaintiffs' non-compliance with Rule 37(a)(1) and LRCiv 7.2(j) as to the common interest doctrine and the attorney-client privilege because both of those issues had been addressed during earlier court hearings. (Doc. 165 at 20, emphasis added ["[I]t's clear that at least some of the issues raised in the motion to compel have been the subject of earlier

- 6 -

meet-and-confer efforts, *given that they were discussed (but not definitively resolved) during earlier discovery hearings*. Accordingly, the Court will exercise its discretion to overlook Plaintiffs' non-compliance with Rule 37(a)(1) and LRCiv 7.2(j) as to some, but not all, of the discovery disputes at issue."].) Plaintiffs' motion for reconsideration doesn't purport to establish that the other categories of discovery material were addressed during earlier court hearings—instead, Plaintiffs seek to prove the adequacy of their meet-and-confer efforts as to those categories by attaching a transcript of an out-of-court conversation between counsel that occurred on January 31, 2020. (Doc. 168 at 2, citing Doc. 164-1.) This transcript doesn't establish that the Court committed any error in the May 11, 2020 order, let alone the sort of "clear error" (*see Kona Enterprises*, 229 F.3d at 890) or "manifest error" (*see* LRCiv 7.2(g)(1)) necessary to trigger reconsideration.

Second, and in a related vein, this isn't the first time Plaintiffs have cited the January 31, 2020 transcript as proof of their meet-and-confer efforts—it was also enclosed as an attachment to their reply in support of their motion to compel. (Doc. 164-1.) In fact, Plaintiffs specifically argued in their reply that the "in person meeting on January 31, 2020, during which the parties expressly discussed Defendant's common interest privilege objection, Defendant's work product objection, and the issue of other similar Pacifica complaints," was proof that "Plaintiffs have exhausted their meet and confer duties." (Doc. 164 at 1-2.) Thus, the motion for reconsideration effectively amounts to an attempt by Plaintiffs to re-urge the same argument they asserted in their reply. This is improper. *See* LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.").[2]

Third, as for Plaintiffs' assertion that the May 11, 2020 order "did not address Plaintiffs' request for production of knowledgeable Rule 30(b)(6) witnesses" and "omitted this request entirely" (Doc. 168 at 3), this assertion is inaccurate.

---

[2] Additionally, to the extent Plaintiffs sought to proffer the January 31, 2020 transcript as proof of the adequacy of their meet-and-confer efforts, they were required to submit it as an attachment to their motion to compel, as opposed to submitting it for the first time as an attachment to their reply.

In Part II of their motion to compel and for sanctions, Plaintiffs sought to compel the production of six categories of documents. (Doc. 157 at 2-14.) That section of the motion contains no mention of Braun's 30(b)(6) witness. (*Id.*) The only mention of the 30(b)(6) witness comes in Part III, in which Plaintiffs requested the imposition of Rule 37 sanctions against Braun "for its discovery practices." (Doc. 157 at 14-17.) In the text of Part III, Plaintiffs focused on Braun's conflicting disclosures and deposition testimony concerning which Braun employee had authorized Elaine Haschel to convey a replacement offer to Plaintiffs. (*Id.*) Additionally, in a footnote, Plaintiffs made a fleeting reference to the fact that Braun's 30(b)(6) witness was unknowledgable as to "the alleged terms of the alleged replacement and repurchase offers." (*Id.* at 16 n.7.) The specific sanction Plaintiffs requested in Part III was an order precluding Braun from presenting any evidence that it had conveyed a replacement offer (*id.* at 14), but Plaintiffs also stated, in the final sentence of their motion, that "[i]n the alternative, Defendant should be ordered to produce Johnston, McMahon and a 30(b)(6) witness on the unanswered topics for depositions, and at its cost." (*Id.* at 18.)

In the May 11, 2020 order, the Court concluded that "Plaintiffs are entitled to some relief, but not the dramatic relief sought in their motion (*i.e.,* an evidence-preclusion sanction that would effectively direct a verdict in their favor on liability)." (Doc. 165 at 29.) Because "the only discovery order that Braun has arguably violated is the order requiring the identification of witnesses—McMahon should have been identified as a witness, given his role in the replacement-authorization process," the Court ordered Braun to produce McMahon as a witness and further ordered Braun to pay for the cost of the deposition. (*Id.* at 29-30.) Finally, in a footnote, the Court acknowledged but rejected Plaintiffs' request to depose additional Braun witnesses: "Plaintiffs also contend, in their alternative request, that they should be allowed to depose Johnston and another Braun 30(b)(6) witness at Braun's expense. The Court disagrees. Braun's updated MIDP disclosure identifies McMahon, but not Johnston, as providing the authorization." (*Id.* at 30 n.12.)

As this summary demonstrates, the Court did not "entirely omit" any discussion of Plaintiffs' request to depose a 30(b)(6) witness at Braun's expense. (Doc. 168 at 3.) In fact, the Court specifically acknowledged that request but rejected it.

Accordingly, **IT IS ORDERED** that:

(1)   Braun's motion for clarification (Doc. 166) is **denied**.

(2)   Plaintiffs' motion for reconsideration (Doc. 168) is **denied**.

Dated this 10th day of June, 2020.

Dominic W. Lanza
United States District Judge