**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiffs' motion to reopen discovery. (Doc. 171.) The motion is fully briefed (Docs. 175, 176) and nobody has requested oral argument. For the following reasons, the motion will be granted in part and denied in part.

**BACKGROUND**

This case arises from a failed attempt to install a Braun wheelchair conversion kit in Plaintiffs' minivan. Despite multiple repair attempts by Braun, the defects could never be cured. The key disputed issue is when (or whether) Braun first made an effective offer to repurchase or replace the defective vehicle.

Braun's position is that one of its employees, Elaine Haschel, made an oral replacement offer to Plaintiffs in May 2018. Because Plaintiffs dispute that such an offer was made, they have attempted, through the discovery process, to obtain information that might cast doubt upon Haschel's account. Among other things, Plaintiffs have sought information concerning who within the Braun hierarchy authorized Haschel to make the alleged offer—Plaintiffs' theory is that if Braun can't prove that Haschel was authorized

to make an offer, this would undermine Haschel's claim that she made an offer. (Doc. 171 at 7.)

Unfortunately, Braun's disclosures on the authorization issue have not been consistent. On April 1, 2020, Plaintiffs filed a motion for sanctions against Braun that was based, in part, on the shifting nature of these disclosures. (Doc. 143 [original motion]; Doc. 157 [amended motion].)

On May 11, 2020, the Court issued an order that granted Plaintiffs' motion in part. (Doc. 165.) Among other things, the Court agreed with Plaintiffs that Braun's disclosures on the authorization issue had been inconsistent, summarizing those disclosures as follows:

> In November 2019, Braun provided a supplemental MIDP disclosure stating that "Rick Nelson . . . made the decision to repurchase the Subject Conversion, and directed Elaine Haschel to effectuate the repurchase." However, Nelson testified during his [February 2020] deposition that, although authorizing replacements was "[g]enerally . . . [his] responsibility," he was "out of town" during the week at issue. Haschel then testified during her [February 2020] deposition that, "because Rick Nelson was out of town," she met with [Brad] Johnston and [Kevin] McMahon. Following these depositions, Braun promptly updated its MIDP disclosures to correct the earlier misstatement concerning Nelson's involvement in the authorization process and to clarify that the authorization came in part from McMahon.

(*Id.* at 29, citations omitted.) Thus, as a sanction, the Court authorized Plaintiffs to depose McMahon—the individual who, it seemed, Braun had finally identified as providing the authorization to Haschel—at Braun's expense. (*Id.* at 30.)

As it turns out, Haschel's testimony during her deposition was also inaccurate. On April 13, 2020, Haschel signed an errata sheet stating that Tabby Chapman, a member of Braun's legal department, "was the person I met with from legal" to obtain authorization because "Brad [Johnston] was out." (Doc. 171-7 at 2.) Braun did not, however, provide the errata sheet to Plaintiffs' counsel when it was executed—instead, Braun only provided it to the court reporter. (Doc. 171-4.) Plaintiffs' counsel didn't learn of the errata sheet's existence until May 5, 2020, via an email exchange with the court reporter. (Doc. 171 at 4-5; Doc. 171-5.)

…

**DISCUSSION**

A.   Parties' Arguments

In their motion, Plaintiffs seek to reopen discovery for the limited purposes of (1) deposing Chapman, (2) reopening Haschel's deposition, and (3) extending the deadline for supplementation of their MIDP disclosures. (Doc. 171.) As for Chapman, Plaintiffs contend that good cause exists to reopen discovery because they diligently pursued discovery concerning who authorized Haschel to make the alleged offer and Haschel "changed her deposition testimony after discovery had closed; thus, no amount of diligence could have prevented the situation at issue here." (*Id.* at 5-8.) As for Haschel, Plaintiffs contend that good cause exists because they need "to probe exactly how and why [Haschel] changed her story. [Braun] has produced no evidence of this meeting where Haschel was allegedly given authority other than Haschel's errata, leaving the entire defense seemingly within her memory. Plaintiffs should be given an opportunity to inquire as to what has affected her recollection." (*Id.* at 8-9.)[1] Finally, as for the supplementation deadline, Plaintiffs note that they are currently pursuing subpoena enforcement actions in two other districts (the Eastern District of Michigan and the District of New Jersey) and will need to supplement their disclosures if and when they obtain any additional evidence through those actions. (*Id.* at 9.)

Braun opposes all of Plaintiffs' requests. (Doc. 175.) As a threshold matter, Braun contends that Plaintiffs' motion should be denied as untimely because it was filed at 6:00 pm on May 29, 2020, which is "after the close of business on the day of the [discovery] deadline." (*Id.* at 6-7, emphasis omitted.) As for the request to depose Chapman, Braun argues that (1) the Court already rejected that request in the May 11, 2020 order, so the current request amounts to an impermissible motion for reconsideration, and (2) Plaintiffs received notice of Chapman's role in the authorization process on April 14, 2020, when Braun provided a supplemental MIDP disclosure that identified Chapman, so Plaintiffs

---

[1]   Plaintiffs also dispute whether Haschel's errata sheet was timely under Rule 30 (Doc. 171 at 4 n.1), but they have not moved to strike the errata sheet so that issue is not before the Court.

- 3 -

1 cannot show they were diligent in seeking Chapman's deposition. (*Id.* at 1-6.) As for the request to reopen Haschel's deposition, Braun contends that "[a]ny further deposition of Ms. Haschel will not lead to additional relevant evidence, as the correction to her deposition testimony contains the substance of any further deposition testimony . . . and is consistent with Braun's 9th supplemental MIDP." (*Id.* at 6.) Finally, as for the request to extend the supplementation deadline, Braun contends that its counsel "met and conferred with plaintiffs' counsel in good faith and offered to be flexible on the timing of plaintiffs' disclosure of information or documents obtained via the pending subpoenas if plaintiffs also agreed to be flexible and allow Braun to supplement based on any new information obtained through those subpoenas as well, to avoid any unfair prejudice to Braun," but "Plaintiffs' counsel rejected that counter-proposal." (*Id.* at 3 n.2.)

B. <u>Analysis</u>

At bottom, Plaintiffs' motion is a request for an extension of the discovery deadline that was specified in the case management order. Thus, the request is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a case management order "may be modified only for good cause and with the judge's consent." *Id.* See generally *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'control[s] the subsequent course of the action' unless modified by the court. Orders entered before the final pretrial conference may be modified upon a showing of 'good cause' . . . .") (citations omitted).

As an initial matter, Braun is incorrect that Plaintiffs' motion may be categorically denied because it was filed after the expiration of the deadline that is the subject of the extension request. The discovery deadline was May 29, 2020. (Doc. 142.) Plaintiffs filed their motion on May 29, 2020. (Doc. 171.) The motion was therefore filed before expiration of the applicable deadline. It is irrelevant that the motion was filed at 6:00 pm, which Braun views as "after the *close of business* on the day of the deadline." (Doc. 175 at 6, emphasis added.) Under Rule 6(a)(4)(A), the "last day" for complying with a court-ordered deadline "ends . . . for electronic filing, at midnight in the court's time zone."

As for Plaintiffs' request to depose Chapman, Braun is incorrect that this request amounts to an improper attempt to obtain reconsideration of the May 11, 2020 order. Critically, the date on which Plaintiffs filed their sanctions motion against Braun was April 1, 2020. (Doc. 143.) This was 12 days *before* Haschel disclosed for the first time, via her errata sheet, that she had actually met with Chapman when obtaining authorization to make the replacement offer. Plaintiffs obviously could not have known about this wrinkle when they filed their sanctions motion and thus did not include, in their motion, any request to depose Chapman. Furthermore, when Braun filed its response to the sanctions motion on April 15, 2020 (Doc. 154), it didn't mention Chapman's name, let alone disclose that Haschel had just signed an errata sheet changing her testimony on the key issue that was being actively litigated. The only fleeting reference to Chapman was in a supplemental MIDP disclosure that Braun had provided to Plaintiffs one day earlier (*i.e.,* April 14, 2020) and had enclosed as one of the many attachments to its response (Doc. 154-1 at 11). It was against this backdrop that the Court concluded, in the May 11, 2020 order, that Plaintiffs should be allowed to depose McMahon at Braun's expense but were not entitled to depose other Braun witnesses. (Doc. 165 at 29-30.) The Court reached this conclusion because it was under the impression that Braun had finally settled on McMahon as the employee who had provided authorization to Haschel to make the replacement offer. (*Id.* at 30 n.12 [rejecting Plaintiffs' request to depose "Johnston and another Braun 30(b)(6) witness" because "Braun's updated MIDP disclosure identifies McMahon, but not Johnston, as providing the authorization"].) Had the Court known about the errata sheet and the fact that Haschel's account had changed yet again, it would have addressed the issue differently.

Given these circumstances, good cause exists to extend the discovery deadline so Plaintiffs may depose Chapman. Plaintiffs have expended significant time and resources attempting to nail down the facts surrounding Haschel's alleged replacement offer. This is one of the key issues in the case. In response, Braun has offered a series of changing disclosures. It wasn't until early May 2020, when Plaintiffs happened to learn about Haschel's errata sheet, that Plaintiffs realized they were dealing with yet another change,

and they promptly and timely sought relief from the Court upon learning this information. This is a textbook example of good cause to extend a discovery deadline.

Plaintiffs will not, however, be allowed to reopen the deposition of Haschel. Although a witness's submission of an errata sheet following her deposition could, under the right circumstances, create good cause to reopen the deposition, Plaintiffs don't argue they would have asked any different questions during Haschel's deposition had they known that Haschel met with Chapman (rather than Johnson). Instead, Plaintiffs contend they need to reopen the deposition so they can ask Haschel *why* she submitted the errata sheet. (Doc. 171 at 8 ["Plaintiffs need to reopen Haschel's deposition to probe exactly how and why she changed her story."].) This has all the hallmarks of a fishing expedition—taken to its logical conclusion, Plaintiffs' argument would mean that every deposition in which a witness submitted an errata sheet could be reopened to permit questioning as to why the change was made. In any event, the parties have already expended significant resources on discovery in this case, the Court previously authorized the additional deposition of McMahon, and the Court is now authorizing the additional deposition of Chapman. The reopening of Haschel's deposition would result in the expenditure of even more resources. Under these circumstances, reopening Haschel's deposition to explore why she submitted the errata sheet would be inconsistent with Rule 26(b)(1)'s directive that discovery be "proportional to the needs of the case."

Finally, as for the deadline for the parties to supplement their MIDP disclosures with yet-to-be-obtained evidence from the ongoing subpoena enforcement proceedings in other districts, Braun agrees that Plaintiffs should be allowed to supplement in this fashion—the only apparently disputed issue is whether the supplementation option should be bilateral and apply to Braun, too.[2] The Court concludes, in its discretion, that the deadline should apply bilaterally—Plaintiffs have not advanced any argument to the contrary.

…

---

[2] As noted, Braun stated in its response that it offered to stipulate to an extension of the supplementation deadline if Plaintiffs would agree to a bilateral extension but Plaintiffs rejected this offer. (Doc. 175 at 3 n.2.) Plaintiffs did not dispute this assertion in their reply. (Doc. 176.)

- 6 -

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to reopen discovery (Doc. 171) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiffs may depose Chapman, via video deposition, on a date mutually agreeable to the parties. Each party shall bear its own costs associated with the deposition.

**IT IS FURTHER ORDERED** that the parties have 60 days, from today's date, to supplement their MIDP disclosures with information obtained via the subpoena enforcement actions. (This deadline is without prejudice to a further extension request if the subpoena enforcement actions are not concluded by the new supplementation deadline).

Dated this 25th day of June, 2020.

_____
Dominic W. Lanza
United States District Judge