**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Latricia Flowers-Carter, et al., | No. CV-18-03836-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Braun Corporation, | |
| Defendant. | |

On March 31, 2021, after briefing and oral argument, the Court resolved the parties' cross-motions for partial summary judgment. (Doc. 213.) The Court granted partial summary judgment in Plaintiffs' favor with respect to Braun Corporation's ("Braun") liability under the Arizona Assistive Devices Warranty Act ("AADWA"). (*Id.* at 15-33.) The Court granted partial summary in Braun's favor with respect to Plaintiffs' common-law breach of warranty claim and on Plaintiffs' ability to recover non-economic damages under AADWA. (*Id.* at 34-46.) Plaintiffs now move the Court to reconsider aspects of its ruling. (Doc. 216.)[1] For the following reasons, the motion is denied.

**DISCUSSION**

I. Legal Standard

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv. 7.2(g)(1). "No

---
[1] The Court declines to order the filing of a response to Plaintiffs' motion. LRCiv. 7.2(g)(2).

motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion." *Id.*

Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Mere disagreement with a previous order is an insufficient basis for reconsideration. *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

II.  Plaintiffs' Motion

Plaintiffs move for modification of two aspects of the Court's order: (1) the decision on the scope of damages available under AADWA (Doc. 216 at 1-3); and (2) the denial of summary judgment as to liability with respect to Plaintiff Latricia Flowers-Carter's May 1, 2018 conversation with a Braun representative (*id.* at 4-6).

Plaintiffs have not demonstrated any error, let alone manifest error, in the Court's rulings on either of those issues, nor have they raised any new facts or legal authority that could not have been addressed earlier with reasonable diligence. Indeed, Plaintiffs' contentions largely rehash arguments that were extensively briefed and carefully considered in the Court's order. (Doc. 178 at 9-11 [damages]; Doc. 179 at 7-10 [May 1, 2018 conversation]; Doc. 181 at 2-3, 6-7 [May 1, 2018, conversation]; Doc. 182 at 5-8 [damages]; Doc. 190 at 5-6 [damages]; Doc. 191 at 1-4 [May 1, 2018 conversation]; Doc. 213 at 5-8 [May 1, 2018 conversation], 22-23 [May 1, 2018 conversation], 34-41 [damages].) As a result, Plaintiffs' motion for reconsideration fails to comply with LRCiv 7.2(g) and may be denied on that basis alone. *Goodstein v. Cont'l Cas. Co.*, 509 F.3d 1042, 1051 (9th Cir. 2007) (district court did not abuse its discretion in denying motion for reconsideration for failure to "meet the burden imposed by the Local Rules"); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (district court did not err in denying motion for reconsideration where movants "presented no arguments which the court had not already considered and rejected"). *Cf. Motorola, Inc. v. J.B. Rodgers Mech.*

*Contractors*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (denying motion for reconsideration where party had "specifically argued th[e] same point" before, failed to show "material differences in fact or law that were not and could not have been presented to the Court prior to its decision," and did not "allege new facts, an intervening change in the law, or that the Court failed to consider facts that were before it"). The Court nonetheless briefly addresses the merits of Plaintiffs' motion.

### A. **AADWA Damages**

Plaintiffs' first reconsideration argument centers on AADWA's remedial provision, which provides in relevant part as follows:

> In addition to any other remedy, a consumer may bring an action in superior court to recover damages caused by a violation of this section. The court may award the prevailing consumer triple the amount of any pecuniary loss plus costs, disbursements and attorney fees. The court may also award any equitable relief deemed appropriate by the court.

A.R.S. § 44-1355(C). In the March 31, 2021 order, the Court determined that its power to award relief under AADWA was determined by the second sentence of this provision, such that Plaintiffs could only recover up to "triple the amount of any pecuniary loss," as well as costs, disbursements, and attorneys' fees. (Doc. 213 at 36-41.)[2]

Reprising their opposition to Braun's motion for summary judgment, Plaintiffs urge the Court to reconsider this conclusion because the first sentence of § 44-1355(C) states that a consumer may recover "damages" for an AADWA violation and the term "damages" encompasses broader relief than pecuniary losses alone. (Doc. 216 at 1-3.)

Plaintiffs begin by arguing that because some of the categories listed in the second sentence of § 44-1355(C) are not considered damages, but other forms of relief, "they must be read as increasing the Court's power as opposed to limiting it." (*Id.* at 2.) This argument (which Plaintiffs did not raise before) lacks merit—regardless of whether remedies such as trebling and attorneys' fees are considered "damages," the second sentence of § 44-1355(C) is properly understood as identifying the universe of remedies that courts are

---

[2] The third sentence of § 44-1355(C) allows courts to award equitable relief, but Plaintiffs do not seek any equitable relief in this case. (Doc. 38 at 39.)

- 3 -

empowered to award in AADWA actions.  (Doc. 213 at 37 ["[T]he second sentence addresses the power of the court to provide [] redress, specifically enumerating the type of relief the court may provide."].)  Thus, "to the extent there is a conflict between them," the "more specific enumeration of remedies in the second sentence controls the general, undefined use of 'damages' in the first sentence."  (*Id.* at 38.)

Plaintiffs next argue that because the enumerated remedies include one remedy that can be construed as damages—"triple the amount of any pecuniary loss"—and others that are not generally considered damages, the doctrine of *expressio unius* does not apply.  (Doc. 216 at 2-3.)  According to Plaintiffs, a better reading of § 44-1355(C) is that it "requires an award of damages, but permits an award of treble pecuniary damages, attorney's fees, and costs."  (*Id.* at 3.)  This argument is not frivolous, but it is another that the Court already expressly considered and rejected.  As noted (Doc. 213 at 39), Arizona law is clear that "[i]t is for the legislature to make policy decisions about the scope of recoverable damages in a statutory cause of action."  *In re Estate of Winn*, 237 P.3d 628, 630 (Ariz. Ct. App. 2010).  AADWA provides that the court "*may* award" "triple the amount of any pecuniary loss plus" the other enumerated remedies.  A.R.S. § 44-1355(C) (emphasis added).  Given that "may" is a term of permission, the second sentence of § 44-1355(C) functions as a grant of judicial power.  (Doc. 213 at 37-39.)  This language, and the lack of terms indicating the list is nonexhaustive, strongly suggests that the legislature intended to limit courts' power to the expressly designated forms of relief.  To hold otherwise would contravene the principle that it is not a court's place to "read into a statute something that is not within the *manifest intent* of the legislature as indicated by the statute itself" or to "*inflate, expand, stretch,* or *extend* a statute to matters not falling within its express provisions."  *Estate of Winn*, 237 P.3d at 630 (emphases added).  In other words, the context and syntax of the statute indicate that application of *expressio unius* is appropriate under Arizona law.  *City of Surprise v. Ariz. Corp. Comm'n*, 437 P.3d 865, 870 (Ariz. 2019).

Plaintiffs next argue that the Court was incorrect in applying the "interpretive

principle that a specific provision controls a more general provision on the same subject" because this principle "makes sense when dealing with two different statutes" but "does not make sense when examining two clauses of a single statutory provision that only ever apply to the same matter." (Doc. 216 at 3.) This argument falls short for several reasons. First, it ignores that Arizona courts have applied this principle in analogous circumstances. *State v. Lumbermen's Indem. Exch.*, 209 P. 294, 310 (Ariz. 1922) (holding that "where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clearer and more definite expressions of the legislative will") (internal quotation marks omitted). *See also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 184 (2012) ("The [general/specific] rule applies to contradictory provisions in a single statute no less than to contradictory provisions in a contract."). Second, courts must read a statute's provisions harmoniously, *State v. Razo*, 988 P.2d 1119, 1120 (Ariz. Ct. App. 1999), and the Court concluded that the most harmonious reading of § 44-1355(C) was that the first sentence provides for a consumer's right to bring a cause of action under AADWA while the second sentence specifies the list of remedies a court may award to a prevailing plaintiff. (Doc. 213 at 37-38.) Thus, contrary to Plaintiffs' argument, the Court's reading does not render the first sentence of § 44-1355(C) a nullity. Third, Plaintiffs fail to acknowledge that the general-specific principle was only one of several considerations that the Court used to inform its interpretation. It was the differing subjects of the first two sentences of § 44-1355(C), the general-specific principle, and *expressio unius*, taken together, that guided the Court's analysis, alongside the maxim that "the crafting of [] a statutory remedy is the province of the legislature, not the courts," so even if the Court were concerned that a statutory remedy "creates certain hardships for consumers," "any extension of a statutory remedy is for the legislature." *Hull v. DaimlerChrysler Corp.*, 99 P.3d 1026, 1028-29 (Ariz. Ct. App. 2004).

…

…

### B. **May 1, 2018 Conversation Between Flowers-Carter And Braun**

Plaintiffs urge the Court to reconsider its denial of summary judgment in their favor on whether Braun's 30-day obligation to replace or refund Plaintiffs' van was triggered by Flowers-Carter's May 1, 2018 phone conversation with Braun representative Elaine Haschel. (Doc. 216 at 4-6.) Plaintiffs argue that AADWA "does not allow warrantors to negate" a consumer's demand "via bargaining," because § 44-1352(D) provides that the consumer "may direct the manufacturer to perform [a return or replacement] and the manufacturer shall comply with the option chosen by the consumer" and § 44-1355(B) provides that "[a]ny waiver of rights by a consumer is void." (*Id.*)

Plaintiffs misapprehend the nature of the Court's ruling concerning the May 1, 2018 conversation. The Court agrees that if a consumer directs the manufacturer to replace or refund the vehicle, the manufacturer must comply. *Id.* § 44-1352(D). But the issue raised by Plaintiffs' motion for summary judgment was whether, viewing all evidence in the light most favorable to Braun and drawing all reasonable inferences in Braun's favor, Flowers-Carter *had* in fact directed Braun to replace the van on May 1, 2018. *See, e.g.*, *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 459 (9th Cir. 2018). The parties introduced conflicting evidence regarding the content and outcome of the May 1, 2018 phone call and a reasonable jury could conclude that, although Flowers-Carter initially demanded a replacement, she then withdrew that demand and agreed to allow further repairs. (Doc. 213 at 22-23.) This would not mean that Braun "negated" Flowers-Carter's demand for a replacement through negotiation, but that Flowers-Carter withdrew her demand and therefore did not "direct [Braun] to perform" a replacement. A.R.S. § 44-1352(D). It also does not imply, as Plaintiffs contend, that "Plaintiffs somehow waived their right to a replacement" or that Braun only "conditionally" accepted Plaintiffs' demand. (Doc. 216 at 5-6.) These potential interpretations of the May 1, 2018 phone call may be plausible, but, viewing the facts and drawing all reasonable inferences in Braun's favor, it is also plausible that Flowers-Carter did not in fact direct Braun to replace the vehicle because she withdrew that demand and consented to further repairs. The Court is not the final arbiter of this

1 | dispute—the jury is.
2 |     Accordingly,
3 |     **IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 216) is **denied**.
4 | Dated this 21st day of April, 2021.

Dominic W. Lanza
United States District Judge